## Crescent Athletic Club v. Melville, etc.

*Harry Shapiro*, for plaintiff.
*Horace M. Schell*, for defendant.

LAMBERTON, J., June 25, 1935.—Suit has been brought in assumpsit. A statement of claim has been filed in which it is averred that defendant is a common carrier, that the goods of plaintiff were delivered to defendant for transportation, and that they were destroyed by fire.

The contention of defendant is that there is no aver-

ment of negligence, and therefore there can be no liability. This would be true if the relation between the parties were that merely of bailor and bailee, but if defendant at the time of the loss was acting as a common carrier, no averment of negligence is necessary. While normally the relation between a warehouseman and his patrons is that of bailor and bailee, it is entirely possible for a warehouseman to act as a common carrier: Lloyd v. Haugh, 223 Pa. 148. In that case it was said: ". . . anyone who holds himself out to the public as ready to undertake for hire or reward the transportation of goods from place to place, and so invites custom of the public, is in the estimation of the law a common carrier". In the same case it was said: "It appearing that the defendant was a common carrier and the loss of the goods having been shown, its liability for the goods became fixed, except as it could bring the loss within one of the common-law exceptions."

It may be that defendant in its affidavit of defense will deny that it is a common carrier, or that it was acting as a common carrier at the time the goods were destroyed. The burden will then be on plaintiff to prove these facts at the trial. If plaintiff fails in this, the case will be over. If plaintiff passes this hurdle, the burden will then shift to defendant to prove that the loss was within one of the common law exceptions: provided defendant has laid the ground for such proof in its affidavit of defense.

And now, to wit, June 25, 1935, the affidavit of defense raising questions of law is overruled, and defendant is given leave to file an affidavit of defense on the merits within 15 days from the date hereof.